## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

JAMES EVERETT SHELTON, individually
and on behalf of a class of all persons and
entities similarly situated,

      Plaintiff,

vs.                                                                          Case No.

REALGY, LLC

      Defendant.

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      Plaintiff James Everett Shelton brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

2.      Mr. Shelton alleges that Defendant Realgy, LLC, or a vendor on their behalf, sent him an autodialed telemarketing calls for purposes of promoting their goods and services without his prior express written consent.

3.      Mr. Shelton also received multiple telemarketing calls despite the fact that his number was registered on the National Do Not Call Registry.

4.      Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed nationwide class of other persons who received similar calls.

5.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6.      Plaintiff James Everett Shelton resides in Pennsylvania.

7.      Defendant Realgy, LLC is a limited liability company based in Connecticut, and resides in this District.

## Jurisdiction & Venue

8.      The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

9.      Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim—namely, the automated calls to the Plaintiff Shelton—occurred from this District.

## Statutory Background

THE TCPA

10.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11.      The TCPA makes it unlawful to (1) make calls to cellular telephone lines using an "automatic telephone dialing system," or (2) make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47

U.S.C. § 227(b)(1)(A) & (B); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).

12.     These calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

THE NATIONAL DO NOT CALL REGISTRY

13.     The TCPA also established a national "do not call" database. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

14.     This regulation is presently codified at 47 CFR 64.1200(c)(1-2).

15.     Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 CFR 64.1200(c)(2).

16.     "Telephone solicitation" is a narrower subset of calls than the "telemarketing" calls prohibited by § 64.1200(d).

17.     "Telephone solicitations" are defined essentially as telemarketing calls made without consent or an established business relationship.

18.     "Established business relationships" can be terminated either affirmatively through a do-not-call request, or automatically after the passage of a certain amount of time. 47 C.F.R. § 64.1200(f)(5).

THE GROWING PROBLEM OF AUTOMATED TELEMARKETING

19.     When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

20.     By 2003, telemarketers were calling 104 million Americans every day, abetted by the proliferation of new and more powerful autodialing technology. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

21.     Unfortunately, the problems Congress identified when it enacted the TCPA have only grown worse in recent years.

22.     Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

23.     According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 at a rate of 168.8 million per day. www.robocallindex.com (last visited November 18, 2019). YouMail estimates that in 2019 robocall totals will exceed 60 billion. *See id.*

24.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

## Factual Allegations

25.     Plaintiff Shelton is a "person" as defined by 47 U.S.C. § 153(39).

26.     Realgy is in the energy marketing business.

27.     To generate new customers, Realgy relies on telemarketing.

28.     The telemarketing that Realgy engages in, itself or through a vendor, includes the use of automated dialing equipment.

29.     Mr. Shelton's number, 484-626-XXXX, is assigned to a cellular telephone service.

30.     On December 11 and 19, 2019, Realgy, or a vendor on its behalf, called Mr. Shelton on his number 484-626-XXXX.

31.     Mr. Shelton's number 484-626-XXXX had been on the National Do Not Call Registry for at least 31 days prior to the first call.

32.     Each call followed the same pattern.

33.     The Plaintiff picked up the phone and there was dead air.

34.     The Plaintiff said "hello" multiple times.

35.     The Plaintiff then heard a click and a pause.

36.     The pause signifies the algorithm of a predictive dialer operating.  The predictive dialer dials thousands of numbers at once, and only transfers the call to a live agent once a human being is on the line.

37.     On information and belief, the dialing system used by Realgy also has the capacity to store telephone numbers in a database and dial them automatically with no human intervention.

38.     Loading a list of telephone numbers into the dialing system and pressing a single command does this.

39.     On information and belief, the dialing system can also produce numbers using a sequential number generator and dial them automatically.

40.     The dialing system can do this by inputting a straightforward computer command.

41.     Following that command, the dialing system will sequentially dial numbers.

42.     First, it would dial a number such as (555) 000-0001, then (555) 000-0002, and so on.

43.     This would be done without any human intervention or further Realy is driven by software that utilizes an algorithm that determines when Realgy will make a phone call.  The dialer makes this determination automatically and without human intervention.  These characteristics too are indicative of an ATDS.

44.     The individual was not identified at the outset of the call.

45.     To learn the identity of the company calling him, Mr. Shelton engaged the telemarketer and confirmed their information.

46.     Mr. Shelton and others who received these calls were temporarily deprived of legitimate use of their phones and their privacy was invaded.

### Class Action Allegations

47.     As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of other persons or entities throughout the United States.

48.     The proposed classes are tentatively defined as:

Class 1

Plaintiff and all persons within the United States: (1) to whose cellular telephone number Defendant placed a telemarketing call (2) within the four years prior to the filing of the Complaint (3) using dialing equipment and/or software identical or substantially similar to the dialing equipment and/or software used to place telephone calls to Plaintiff (4) without the prior express written consent of the called party.

Class 2

All persons in the United States who, from four years prior to the filing of this action: (1) Defendant (or an agent acting on behalf of Defendant) made (2) two or more telemarketing calls (3) promoting Defendant's products or services; (4) to a residential phone number that was listed on the National Do Not Call Registry for

at least 30 days before the first call; and (5) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

49.     The Plaintiff is a member of the classes.

50.     Excluded from the classes are the Defendant, any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

51.     Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

52.     Based on the automated nature of telemarketing campaigns, there are likely thousands of class members. Individual joinder of these persons is impracticable.

53.     There are questions of law and fact common to Plaintiff and the proposed class, including:

   a.    Whether the Defendant used a an ATDS to send telemarketing calls;

   b.    Whether the Defendant placed telemarketing calls without obtaining the recipients' valid prior express written consent;

   c.    Whether the Defendant's TCPA violations were negligent, willful, or knowing; and

   d.    Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant' actions.

54.     Plaintiff's claims are based on the same facts and legal theories as class members, and therefore are typical of the class members' claims.

55.     Plaintiff is an adequate representative of the class because his interests do not conflict with the class' interest, he will fairly and adequately protect the class' interests, and he is represented by counsel skilled and experienced in litigating TCPA class actions.

56.    The Defendant's actions are applicable to the class and to Plaintiff.

57.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records and databases maintained by Defendant and others.

58.    The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

### Count One:
### Violation of the TCPA's provisions
### prohibiting autodialed calls to cell phones

59.    The Defendant violated the TCPA by (a) initiating a telemarketing call using an automatic telephone dialing system to Plaintiff's telephone number assigned to a cellular telephone service without prior express written consent.

60.    The Defendant's violations were willful or knowing.

61.    The TCPA also permits injunctive relief, which the Plaintiff and the putative class seek by prohibiting the Defendant from using an autodialer, absent an emergency circumstance.

### Count Two:
### Violation of the TCPA's DNC provisions
### (On behalf of Plaintiff and Class 2)

62.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

63.    The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by

the fact that others made those calls on its behalf.  *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

64.     The Defendant's violations were negligent and/or knowing.

65.     As a result of the Defendant's violations of the TCPA, 47 U.S.C. § 227(c)(5), Plaintiff and members of the Class are entitled of an award of up to $500 in damages for each call made in violation of this section. The Court may award up to $1,500 if the violation was found to be "willful or knowing".

66.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf from making calls advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry.

.
## Relief Sought

Plaintiff requests the following relief:

A.      That the Court certify the proposed class;

B.      That the Court appoint Plaintiff as class representative;

E.      That the Court appoint the undersigned counsel as counsel for the class;

F.      That the Court enter a judgment permanently enjoining the Defendant from using a pre-recorded message, absent an emergency circumstance.

G.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

H.      That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: December 22, 2019

Plaintiff's Counsel,

By: */s/ Anthony I. Paronich*
　　 Anthony Paronich
　　 PARONICH LAW, P.C.
　　 350 Lincoln Street, Suite 2400
　　 Hingham, MA 02043
　　 Telephone:  (617) 485-0018
　　 Facsimile:   (508) 318-8100
　　 Email: anthony@paronichlaw.com