UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES EVERETT SHELTON, individually and on behalf of all persons and entities similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>REALGY, LLC,<br><br>    Defendants. | Case No. 3:19-cv-01999-VLB |

**JOINT RULE 26(f) REPORT**

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on March 10, 2020. The participants were:

Anthony Paronich for the Plaintiff.

Matthew Keilson for the Defendant.

**I. Certification**

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II. Jurisdiction**

 **A. Subject Matter Jurisdiction**

Without waiving Realgy's right to challenge subject matter jurisdiction to the extent Realgy determines that the allegedly offending calls are not fairly traceable to Realgy, the parties state that the Plaintiff's TCPA claims invoke federal question subject matter jurisdiction. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

B. **Personal Jurisdiction**

Personal jurisdiction is not contested.

III. **Brief Description of the Case**

A. **Claims of Plaintiff**

The Plaintiff has filed this putative class action alleging that the defendant violated the Telephone Consumer Protection Act, 27 U.S.C. § 227, *et seq.* ("TCPA") when automated calls were sent to James Everett Shelton ("Plaintiff"), and other consumers, without their consent, or because such calls were made on their behalf. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendants. The Plaintiff has continued to receive telemarketing calls from Realgy, or its vendors, after the filing of this lawsuit, including third party verification numbers of the calls.

B. **Defenses and Claims**

Realgy denies that it violated the TCPA by making nonconsensual, pre-recorded or automated telemarketing calls.  Realgy has never placed or authorized pre-recorded or automated calls of any kind, let alone those that violate the TCPA and for which it can be held vicariously liable.  In fact, Realgy's contracts, policies, and procedures: (a) require its independent contractors to abide by all state and federal telemarketing laws; and (b) expressly prohibit pre-recorded and automated calls of any kind.  Further, neither Realgy nor its telemarketing vendor and its affiliates have record of placing any calls to Plaintiff, including record of the calls Plaintiff alleges he received.  Realgy further denies that it placed any calls to Plaintiff after the filing of the lawsuit.  For these and other reasons, Realgy denies all liability and that certification of the putative class is appropriate in this case.

IV. **Statement of Undisputed Facts**

The following material facts are not in dispute:

- Defendant Realgy, LLC is a limited liability company in this District.

- Realgy has retained third party vendors for telemarketing.

- Plaintiff is a resident of Pennsylvania.

- The only telephone number on which Plaintiff premises his claim is 484-626-XXXX.

V.   **Case Management Plan**

   A.   **Initial Disclosures**

      Initial disclosures will be served by March 27, 2020.

   B.   **Scheduling Conference**

1. The parties respectfully request that the Court hold a pretrial conference with the Court before the entry of a scheduling order to address the preliminary scheduling issues set forth in this joint report.

2. In the interests of economy and efficiency, and in light of the Coronavirus pandemic, the parties further respectfully request that the scheduling conference be conducted by telephone.

   C.   **Early Settlement Conference**

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.

2. The parties believe that settlement is possible, but do not request a settlement conference at this time.

3. The parties prefer a settlement conference, when such a conference is held, be held with a private mediator.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

   D.   **Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. The parties should be allowed until **May 29, 2020** to file motions to join additional parties and until **May 29, 2020** to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

    E.   **Discovery**

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

<u>Plaintiff's Position</u>:

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 as well as the merits of Plaintiff's claims. To that end, the Plaintiff will seek discovery regarding the recipients of the automated calls as well as any affirmative defenses, including those related to consent to receive such automated calls.

The Plaintiff opposes any motion to stay these proceedings pending the United States Supreme Court's decision in *William P. Barr v. American Association of Political Consultants Inc.*, et al., No. 19-631, which addresses a debt-collection exemption to the TCPA's automated call provisions that is not at issue here.

The Plaintiff also opposes any bifurcation of discovery. First, because of the overlap between discovery regarding the merits of Plaintiff's claims and class certification, Defendant's request to bifurcate discovery will not promote judicial efficiency or a prompt resolution of the case. To the contrary, bifurcation will unnecessarily delay the action, prejudicing Plaintiff and the putative class, by requiring the

Court to resolve the parties' anticipated disagreement as to bright-line between merits and class certification discovery. Second, staying a substantial amount of discovery will prejudice the Plaintiff, including resulting in the potential destruction of evidence. Specifically, although TCPA claims are governed by the four-year federal statute of limitations in 28 U.S.C. §1658(a), not all telecommunications companies or other telemarketing companies keep records of telephone activities for up to four years. Without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day. Many telecommunications providers will only retain call record information for 30-90 days. This is especially true here, where the Defendants claim that none of them physically dialed the call to the Plaintiff, but instead used a vendor that they have not gathered calling records from.

Finally, while Realgy asserts that it has instructed all the relevant third parties to preserve evidence, including call records, it has not indicated if (a) those third parties have responded and informed Realgy that they have retained all calling records or if (b) they are subject to the Court's jurisdiction, or, like will often occur in third party telemarketing, not be subject to the Hague convention or be otherwise overseas.

Defendants' Position:

Realgy anticipates discovery will be needed on the following subjects: (a) whether Realgy placed the calls referenced in Plaintiff's Complaint; (b) whether any pre-recorded or automated calls can be attributed to Realgy; (c) whether Realgy can be held vicariously liable for the calls referenced in Plaintiff's Complaint; (d) testimony, electronic data, records, and third-party records relevant to the facts and defenses in this case; and (e) whether Plaintiff has a viable do-not-call list claim under the TCPA.

Realgy further states that discovery should be proportional and tailored to the needs of the case. Realgy therefore objects to Plaintiff's request for unfettered class discovery at this time, as it is immensely expensive for the defendant and third parties and not proportional to the current needs of the case, particularly considering the United States Supreme Court just granted certiorari to consider whether the TCPA is unconstitutional. *Am. Ass'n of Political Consultants, Inc. v. Fed. Commc'ns Comm'n*, 923 F.3d

159, 161 (4th Cir. 2019), *cert. granted sub nom., Barr v. Political Consultants*, --- S. Ct. ---, 2020 WL 113070 (2020) (hereinafter, "*AAPC*"). Indeed, Realgy intends to imminently file a motion to stay this action pending the Supreme Court's imminent decision in *AAPC*, which is anticipated to be issued in June.

If the Court declines to stay this matter in light of *AAPC*, Realgy respectfully requests the Court enter the phased discovery schedule below. Pursuant that schedule—which is outlined below for the Court's convenience—the first 90 days of discovery will be limited to the merits of Plaintiff's individual claim, after which Realgy will be permitted (but not required) to file an individual summary judgement motion, which will be decided before class discovery takes place. And contrary to Plaintiff's unfounded and unsupported assertions, a phased schedule is equitable, efficient, and appropriate here. First, a phased schedule will neither prejudice the parties, nor result in unnecessary discovery disputes. In fact, the opposite is true: addressing threshold issues before proceeding with expensive class discovery—including whether Realgy even placed or authorized any calls to the named Plaintiff—will streamline this matter and obviate the need for the Court to police discovery disputes that will likely arise from overbroad discovery. Second, a phased schedule will not result in the destruction of evidence or any prejudice to Plaintiff and the putative class. Indeed, Realgy has already confirmed for Plaintiff that it has instructed all the relevant third parties to preserve evidence, including call records.

| EVENT | DEFENDANT'S PROPOSAL |
|---|---|
| Deadline to amend pleadings and joint parties | **May 29, 2020** |
| End of initial discovery period on Plaintiff's individual claims, after which Realgy is permitted (but not required) to file an individual summary judgment motion, which will be decided before class discovery takes place. | **June 8, 2020** |

| EVENT | DEFENDANT'S PROPOSAL |
|---|---|
| Non-expert discovery deadline | **November 10, 2020** |
| Expert report for the party with the burden of proof (Plaintiff) deadline | **February 26, 2021**, with deposition to completed by **April 16, 2021** |
| Rebuttal (defendant's) expert report deadline | **May 13, 2021**, with deposition to be completed by **June 28, 2021** |
| Class certification motion deadline* | **May 3, 2021** |
| Defendant' opposition to class certification motion | **June 17, 2021** |
| Dispositive motion deadline | **60 days after the Court's ruling on class certification**, or, if a class is certified, **15 days after the opt-out period closes**. Defendant may also file an early summary judgement on Plaintiff's individual claims. |
| Trial | **September 2021,** with the joint trial memorandum to be filed by **August 31, 2021.** |

*To the extent Realgy files a summary judgment motion on Plaintiff's individual claims, the parties agree to submit a revised scheduling order permitting Plaintiff additional time to move for class certification after the Court rules on summary judgment, if necessary.

    b. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), completed (not propounded) by:

    <u>Plaintiff's Position</u>: **December 18, 2020**.

    <u>Defendant's Position</u>: Non-expert discovery: **November 10, 2020**; expert discovery: **June 28, 2021** (as outlined in chart above).

    c. If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by:

    <u>Plaintiff's Position</u>: The Plaintiff opposes any phased discovery, as outlined above.

    <u>Defendant's Position</u>: If the Court declines to briefly stay this matter pending resolution of its forthcoming motion to stay, Realgy respectfully requests it enter the phased discovery schedule proposed above. That schedule will allow the parties to determine whether Plaintiff has a viable individual claim against Realgy (and thus whether he can act as a class representative) before burdensome and expensive class discovery commences, the expense of which Realgy and third parties will almost exclusively bear. Under that schedule, the first 90 days are limited to the merits of Plaintiff's individual claim, after which Realgy will be permitted to file an individual summary judgement motion.

    d. The parties anticipate that the plaintiff will require a total of 5 depositions of fact witnesses and that the defendant(s) will require a total of 1 to 2 depositions of fact witnesses. The depositions will and be completed by:

    <u>Plaintiff's Position</u>:  **December 18, 2020**.

    <u>Defendant's Position</u>:  **November 10, 2020** (as outlined in chart above).

    e. The parties will not request permission to serve more than 25 interrogatories.

    f. Plaintiff is unsure if he will call expert witnesses at trial at this time. Realgy is unsure whether it will call expert witnesses at trial.

    g. Parties will designate all trial experts and provide opposing counsel with reports from retained

experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by:

Plaintiff's Position: **January 29, 2021**. Depositions of any such experts will be completed by **March 5, 2021**.

Defendant's Position: **February 26, 2021**. Depositions of any such experts will be completed by **April 16, 2021** (as outlined in chart above).

h. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by:

Plaintiff's Position: **April 3, 2021**. Depositions of such experts will be completed by **May 8, 2021**.

Defendant's Position: **May 13, 2021**. Depositions of such experts will be completed by **June 28, 2021** (as outlined in chart above).

i. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

j. Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.

k. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting

privilege claims after production.

    F.    **Other Scheduling Issues**

Plaintiff's Position: The Plaintiff will file a motion for class certification by **May 29, 2021**.

Defendant's Position: Realgy respectfully requests: (a) that the Court refrain from entering a scheduling order and stay this case pending a ruling on Realgy's forthcoming motion to stay; or (b) phase discovery, as requested above.

    G.    **Summary Judgment Motions**

Summary judgment motions, which must comply with Local Rule 56, will be filed:

Plaintiff's Position: On or before 60 days after a ruling on the Plaintiff's motion for class certification.

Defendant's Position: 60 days after the Court's ruling on class certification, or, if a class is certified, 15 days after the opt-out period closes. Realgy also anticipates filing a summary judgement as to Plaintiff's individual claims after the first phase of discovery is completed, which Realgy anticipates will end the case and the need for further discovery on class issues.

    H.    **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by:

Plaintiff's Position: **July 31, 2021.**

Defendant's Position: **August 31, 2021** (as outlined in chart above).

    I.    **TRIAL READINESS**

The case will be ready for trial by:

Plaintiff's Position: **August 2021.**

Defendant's Position: **September 2021** (as outlined in chart above).

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| PLAINTIFF | DEFENDANT |
|---|---|
| By: */s/ Anthony I. Paronich*<br>Anthony Paronich<br>PARONICH LAW, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>Telephone:  (617) 485-0018<br>Facsimile:   (508) 318-8100<br>Email: anthony@paronichlaw.com | By: */s/ Ryan D. Watstein*<br>Ryan D. Watstein (admitted pro hac vice)<br>GA Bar No. 266019<br>rwatstein@kcozlaw.com<br>Matthew A. Keilson (admitted pro hac vice)<br>GA Bar No. 216676<br>mkeilson@kcozlaw.com<br>KABAT CHAPMAN & OZMER LLP<br>171 17th Street NW, Suite 1550<br>Atlanta, Georgia 30363<br>Telephone: (404) 400-7300<br><br>Marisa A. Bellair, Esq.<br>Garrett A. Denniston, Esq.<br>Lynch Traub Keefe & Errante<br>52 Trumbull Street<br>New Haven, CT 06510<br>Email: mbellair@ltke.com<br>Email: gdenniston@ltke.com<br>Telephone: (203)787-0275<br>Fax: (203)-401-3343<br><br>*Counsel for Defendant Realgy, LLC* |